_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:26-cv-00544-FWS-KS | Date: February 10, 2026 |
| Title: Robinpreet Singh v. Fereti Semaia *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [3]**

    Petitioner Robinpreet Singh brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondent Fereti Semaia, Warden of the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center; Respondent Todd Lyons, Acting Director of United States ICE; Respondent Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"); and Respondent Pamela Bondi, Attorney General of the United States (collectively, "Respondents").  (Dkt. 2 ("Pet.").)  Before the court is Petitioner's Motion for Temporary Restraining Order.  (Dkt. 3 ("Motion" or "Mot.").)  The court ordered "the government to file a response to the Motion on or before February 9, 2026, at 5:00 p.m."  (Dkt. 5.)  Respondents did not file a response to the Motion as required by the court's order.  (*See generally* Dkt.)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Based on the record, as applied to the applicable law, the Motion is **GRANTED**.

**I.    Background**

    Petitioner alleges the following.  Petitioner is a citizen of India who arrived in the United States on May 16, 2023.  (Pet. ¶¶ 2, 12.)  Petitioner was apprehended by Customs and Border Protection in the United States and later released on "his own recognizance under 8 U.S.C. § 1226(a)."  (*Id.*)  On June 8, 2023, Petitioner was served with a Notice to Appear in Removal

_____

| **CIVIL MINUTES – GENERAL** | 1 |
|---|---|

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:26-cv-00544-FWS-KS | Date: February 10, 2026 |
| Title: Robinpreet Singh v. Fereti Semaia *et al.* | |

Proceedings ("Notice to Appear"), alleging that Petitioner entered the county without inspection, permission, or proper entry documents. (*Id.* ¶¶ 58-59.) The Notice to Appear indicates that Petitioner is a person present in the United States who has not been admitted or paroled, and contains no indication that Petitioner is an "arriving alien." (*Id.* ¶¶ 60-61.)

On July 7, 2025, Petitioner was re-detained despite there being no material change in circumstances and no advance notice or hearing. (*Id.* ¶ 2.) Petitioner alleges that his ongoing detention violates his due process rights, the Fourth Amendment, and the Immigration & Nationality Act. (*Id.* ¶¶ 72-93.)

**II.     Legal Standard**

The "opportunities for legitimate *ex parte* applications are extremely limited," *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013), and such applications are "rarely justified." *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93.

A TRO may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief";

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00544-FWS-KS                                   Date: February 10, 2026
Title: Robinpreet Singh v. Fereti Semaia *et al.*

(3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

### III.   Analysis

Petitioner moves for a TRO requiring Respondents to release Petitioner from custody, enjoin and restrain Respondents from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decision maker, and waive the requirement bond be posted. (Mot. at 18.) Respondents failed to file a response to the Motion.[1] (*See generally* Dkt.)

The court finds Petitioner adequately demonstrates that *ex parte* relief is warranted. *See Mission Power*, 883 F. Supp. at 492-93. The court further finds Petitioner adequately demonstrates (1) a likelihood of success on the merits, (2) irreparable harm, and (3) that the

---

[1] Central District of California Local Rule 7-12 states that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12. Although the court could grant the Motion for failure to file a response within the court's deadline, (*see* Dkt. 5), the court will evaluate the merits of the Motion.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:26-cv-00544-FWS-KS | Date: February 10, 2026 |
| Title: Robinpreet Singh v. Fereti Semaia *et al.* | |

balance of the equities and the public interest tips sharply in his favor. *See Winter*, 555 U.S. at 20.

### A. Likelihood of Success on the Merits

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent. (citation modified)"). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation modified).

The court finds the record before the court is sufficient to show that Petitioner is likely to succeed on the merits of his claims. *See Winter*, 555 U.S. at 20. Petitioner alleges that he was previously "released from custody on his own recognizance." (Pet. ¶ 2.) Petitioner further alleges that, on July 7, 2025, he was re-detained despite no material change in circumstances and no advance notice or hearing to determine if he poses a flight risk or is a danger. (*Id.*) Respondents failed to contest Petitioner's allegations. (*See generally* Dkt.) Because there is no dispute that Petitioner was released on his own recognizance and re-detained without being given proper due process, the court finds that Petitioner sufficiently demonstrates he is likely to succeed on the merits of his due process claims. *See Pablo Sequen v. Albarran*, --- F. Supp. 3d ---, 2025 WL 2935630, at *5 (N.D. Cal. Oct. 15, 2025) ("Here, after briefly detaining Ms. Garcia and Ms. Alvarado Ambrocio in March and April 2024, respectively, DHS released them on their own recognizance subject to certain conditions. Petitioners are therefore entitled to due process under the Fifth Amendment with respect to their protected liberty interest in remaining out of immigration custody."); *Pablo Sequen v. Kaiser*, 800 F. Supp. 3d 998, 1009 (N.D. Cal. 2025) (similar); *Alvarenga Matute v. Wofford*, 2025 WL 2817795, at *4-5 (E.D. Cal. Oct. 3, 2025) (finding that petitioner had a protected liberty interest in his release on his own recognizance pending his immigration proceedings).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00544-FWS-KS                                               Date: February 10, 2026
Title: Robinpreet Singh v. Fereti Semaia *et al.*

### B.   Irreparable Harm

First, "[i]t is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation modified); *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (explaining that a party seeking preliminary injunctive relief for violation of a constitutional right can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable constitutional claim); *see Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("[I]njuries to constitutional rights are considered irreparable for even minimal periods of time.") (citation modified); *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("An alleged constitutional infringement will often alone constitute irreparable harm."); Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2948.1 (3d ed. 2019) ("When an alleged deprivation of a constitutional right is involved . . . most courts hold that no further showing of irreparable injury is necessary."); *Junior Sports Mags.*, 80 F.4th at 1120 (explaining that when a party shows a likelihood of success on the merits of a constitutional claim, "the remaining *Winter* factors favor enjoining the likely unconstitutional law"). "If a plaintiff bringing [a constitutional] claim shows he is likely to prevail on the merits, that showing will almost always demonstrate he is suffering irreparable harm as well." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023).

Second, the court finds that Petitioner's detention causes irreparable harm by subjecting him to immigration detention, including the harm that comes with separating Petitioner from his family. (*See, e.g.*, Pet. ¶ 7 ("Petitioner's arrest and detention are causing him and his family ongoing harm. Petitioner's income is crucial to his ability to afford legal counsel, to support himself, and to provide support to his loved ones outside the U.S.").) The court finds this is sufficient to show irreparable harm. *See Washington v. Trump*, 847 F.3d 1151, 1169 (9th Cir. 2017) (explaining that government action that "separated families" caused "substantial injuries and even irreparable harms"); *Jorge M. F. v. Wilkinson*, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (finding irreparable harm based on both the irreparable harms "imposed on anyone subject to immigration detention" and the severe economic hardship and psychological harm that the detainee's family would face).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:26-cv-00544-FWS-KS | Date: February 10, 2026 |
| Title: Robinpreet Singh v. Fereti Semaia *et al.* | |

Accordingly, the court concludes Petitioner demonstrates that he is likely to suffer irreparable harm. *See Winter*, 555 U.S. at 20.

  **C.**  **Balance of Equities and Public Interest**

"A plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor." *Baird*, 81 F.4th at 1042. And "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Cal. Chamber of Commerce v. Council for Educ. and Research on Toxics*, 29 F.4th 468, 482 (9th Cir. 2022) (citation modified). Indeed, "public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005); *Junior Sports Mags.*, 80 F.4th at 1120 (explaining that when a party shows a likelihood of success on the merits of a constitutional claim, "the remaining *Winter* factors favor enjoining the likely unconstitutional law").

Here, the court finds Petitioner has sufficiently demonstrated a likelihood of success on the merits, *see* Section III.A, *supra*, which tips the merged factors in his favor. *See Baird*, 81 F.4th at 1042. The court finds Petitioner has adequately demonstrated that the hardship balance "tips sharply" in his favor and the public interest weighs in his favor at this stage. *All. for the Wild Rockies*, 632 F.3d at 1132; *see California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("When the government is a party, the last two factors merge.").

In summary, the court concludes Petitioner has made a sufficient showing on all of the *Winter* factors to be entitled to a TRO.

**IV.**  **Disposition**

For the foregoing reasons, the Motion is **GRANTED**. The court **ORDERS** Respondents to release Petitioner from custody on or before **February 13, 2026, at 1:00 p.m. Pacific Standard Time**. Petitioner shall be released on the original terms and conditions existing as if Petitioner had not been detained, and the bond requirement is waived. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they provide Petitioner

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00544-FWS-KS                                Date: February 10, 2026
Title: Robinpreet Singh v. Fereti Semaia *et al.*

with a pre-deprivation hearing before a neutral decisionmaker.[2]

     Finally, Respondents are **ORDERED** to show cause in writing on or before **February 18, 2026,** as to why the court should not issue a preliminary injunction. Petitioner may file a response on or before **February 24, 2026**. The court sets a hearing on whether a preliminary injunction should issue for **March 5, 2026, at 10:00 a.m., in Courtroom 10D.**

     **IT IS SO ORDERED.**

---

[2] "To be clear, this Order does not provide [Petitioner] with blanket immunity from future removal—that is outside the Court's power for the reasons discussed above—but any future enforcement actions after release must comply with the required procedures." *Delkash v. Noem*, 2025 WL 2683988, at *7 (C.D. Cal. Aug. 28, 2025).