_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00544-FWS-KS                                Date: May 11, 2026
Title: Robinpreet Singh v. Fereti Semaia *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

    Rolls Royce Paschal                                      N/A
       Deputy Clerk                                  Court Reporter

Attorneys Present for Petitioner:         Attorneys Present for Respondents:

      Not Present                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REJECTING REPORT AND
                RECOMMENDATION [25]; DISMISSING PETITION AS MOOT**

## I.    Introduction and Background

Petitioner Robinpreet Singh, a citizen of India who arrived in the United States on May 16, 2023, brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondents Fereti Semaia, Warden of the Adelanto Immigration and Customs Enforcement Processing Center; Todd Lyons, Acting Director of United States ICE; Kristi Noem, former Secretary of the United States Department of Homeland Security; and Pamela Bondi, former Attorney General of the United States.  (Dkt. 2 ("Petition") ¶¶ 2, 12.)  Petitioner was apprehended in the United States and later released on "his own recognizance under 8 U.S.C. § 1226(a)."  (*Id.*)  On June 8, 2023, Petitioner was served with a Notice to Appear in Removal Proceedings alleging that Petitioner entered the county without inspection, permission, or proper entry documents.  (*Id.* ¶¶ 58-59.)  On July 7, 2025, Petitioner was re-detained despite there being no material change in circumstances and no advance notice or hearing.  (*Id.* ¶ 2.)  Petitioner alleges that his detention violates his due process rights, the Fourth Amendment, and the Immigration & Nationality Act.  (*Id.* ¶¶ 72-93.)

On February 10, 2026, the court granted Petitioner's Motion for a Temporary Restraining order, ordering Respondents to release Petitioner from custody and enjoining Respondents from re-detaining Petitioner without a pre-deprivation hearing.  (Dkt. 8 ("TRO").)  Respondents complied, and submitted an Order of Release on Recognizance reflecting that Petitioner was released from custody on terms of supervision.  (Dkt. 9-1.)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00544-FWS-KS                                          Date: May 11, 2026
Title: Robinpreet Singh v. Fereti Semaia *et al.*

On February 27, 2026, the court denied as moot Petitioner's request for a temporary restraining order, reasoning, "Now that Petitioner has obtained that relief, (see TRO at 6-7), the court finds Petitioner fails to make an adequate showing that a preliminary injunction is warranted." (Dkt. 11 at 2.)  The court referred further proceedings on the merits of the Petition, including the issue of whether the Petition should be dismissed as moot, to the assigned Magistrate Judge.  (*Id.* at 3.)

Before the court is the Magistrate Judge's April 15, 2026, Report and Recommendation, which recommends the court grant the Petition and "[i]ssu[e] a writ of habeas corpus making permanent the relief provided in the TRO, namely, prohibiting Petitioner's re-detention absent notice and a pre-deprivation hearing." (Dkt. 15 ("Report and Recommendation") at 13.) Respondents filed Objections to the Report and Recommendation.  (Dkt. 16 ("Obj.").)  Based on the record, as applied to the relevant law, and on *de novo* review, *see* 28 U.S.C. § 636(b)(1)(C), the court **REJECTS** the Report and Recommendation and **DISMISSES** the Petition.

## II.    Legal Standard

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*  "Collateral consequences create concrete legal disadvantages." *Alam v. Carter*, 843 F. Appx. 953, 954 (9th Cir. 2021) (internal quotation marks omitted).

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought).  Courts have an obligation to consider mootness *sua sponte*, and should deny requested relief where it is superfluous.  *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005).  The

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00544-FWS-KS                    Date: May 11, 2026
Title: Robinpreet Singh v. Fereti Semaia *et al.*

"basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

Petitioner argues that his release does not moot the Petition because "he remains subject to continuing restraints on his liberty under the Department of Homeland Security's Order of Release on Recognizance and remains vulnerable to re-detention by Respondents," and "[b]ecause Petitioner continues to suffer concrete legal consequences and the challenged conduct remains capable of repetition yet evading review, the Court retains jurisdiction over this matter." (*See* Dkt. 12 at 2.)  The court is not persuaded.  While it is true that Petitioner "remains subject to continuing restraints on his liberty under the . . . Order of Release on Recognizance," (*id.*), the documents attached to the Petition reflect that Petitioner was subject to similar restraints *before* his unlawful detention.  (Dkt. 2-1, Ex. 3 (2023 Order of Release on Recognizance.)  In other words, the effect of the relief granted in the TRO was to put Petitioner in the position he would have been were he never unlawfully detained.  Based on the record before the court, the court finds Petitioner's release "does not give rise to collateral consequences that are redressable by success on his original petition."  *Abdala*, 488 F.3d at 1065; *see Mejia v. Semaia*, 2025 WL 2633165, *2 (C.D. Cal. 2025) ("[I]f release from custody fully resolves the claims raised in a habeas petition, the claims are indeed moot.").

In addition, the court finds that Petitioner's "concern[] that Respondents may again detain him absent any new or materially changed circumstances, as occurred previously and gave rise to this petition," (Dkt. 12 at 2), appears to be "speculative and hypothetical."  *Alam*, 843 F.Appx. at 954; *see id.* (holding that the petitioner's release from detention mooted his petition for a writ of habeas corpus and that "[a]ny risk of re-detention does not save his petition from mootness, as he was released pursuant to court order and there is thus a legal impediment to his re-detention").  Notably, "Petitioner acknowledges that re-detention could be justified if materially new circumstances arise attributable to Petitioner."  (Dkt. 12 at 2.)  Accordingly, the court does not find a preventative blanket order prohibiting re-detention absent a pre-deprivation hearing is appropriate.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00544-FWS-KS                                    Date: May 11, 2026
Title: Robinpreet Singh v. Fereti Semaia *et al.*

### III.    Disposition

For the foregoing reasons, the Report and Recommendation is **REJECTED**.  The Petition is **DENIED AS MOOT.**  This case is therefore **DISMISSED WITHOUT PREJUDICE**.

_____